UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 5:10-CR-78-SS-KSF-10

UNITED STATES OF AMERICA                                              PLAINTIFF

vs.                              **OPINION AND ORDER**

JASHAUN MARQUIS THOMAS,
    aka SHAUN T,
    aka SHAUN TEZEEY                                  DEFENDANT

* * * * * * *

This matter is before the Court pursuant to 21 U.S.C. § 851(c) and the objection of Defendant Thomas to the use of one of his prior convictions as a "felony drug offense." The United States gave notice of its intent to use his prior convictions to trigger the statutory mandatory penalty of life imprisonment under 21 U.S.C. § 841(b)(1)(A)(viii).

Thomas was convicted in Fayette Circuit Court in 2005 for "Possession of Marijuana with a Firearm." Under Kentucky law, possession of marijuana is a Class A Misdemeanor. KRS 218A.1422. A Class A misdemeanor is punishable by a term of imprisonment of ninety days to twelve months. KRS 532.020(2). However, Thomas' sentence was enhanced to a Class D felony pursuant to KRS 218A.992 because he possessed a firearm. A Class D felony is punishable by a term of imprisonment of one to five years. KRS 532.020(1)(a).

Thomas argues that his drug conviction was merely a misdemeanor with a sentence of no more than one year and that the "enhancement" of his sentence is not a separate offense or a drug felony within the meaning of 21 U.S.C. § 841(b)(1)(A). *Adams v. Commonwealth*, 931 S.W.2d 465 (Ky. Ct. App. 1996), interpreted the enhancement as follows:

> The severity of the penalty increases due to the dangerous status of the violator as an armed perpetrator. The possession of a firearm, however, is not an element necessary to determine guilt of the substantive offense. Consequently KRS

> 218A.992 is nothing more than a sentencing statute reflecting the dangerous nature of a crime perpetrated by an armed criminal.

*Id.* at 468. Thomas contends that such an enhancement is not a "felony drug offense."

"Felony drug offense" is defined in 21 U.S.C. § 802(44) as: "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." In *Burgess v. United States*, 553 U.S. 124 (2008), the court held that the term "felony drug offense" contained in § 841(b)(1)(A) "is defined exclusively by § 802(44)...." *Id.* at 127. It also noted that Congress amended the definition in 1994, "replacing 'an offense that is a felony under ... any law of a State' with 'an offense that is punishable by imprisonment for more than one year under any law ... of a State.'" *Id.* at 133.

*Burgess* involved a prior conviction in South Carolina for possession of cocaine. The "offense carried a maximum sentence of two years' imprisonment," but "South Carolina classified it as a misdemeanor." *Id.* at 127. The Court held: "A state drug offense punishable by more than one year therefore qualifies as a 'felony drug offense,' even if state law classifies the offense as a misdemeanor." *Id.* It further noted that Burgess received a one-year suspended sentence for his conviction, but the offense was "punishable by imprisonment for more than one year," thereby meeting the statutory definition. *Id.*

In *United States v. Spikes*, 158 F.3d 913 (6th Cir. 1998), the Sixth Circuit rejected an argument that § 802(44) did not include simple possession offenses.

> Instead, § 802(44) only requires that the state statute criminalize conduct "relating" to drugs. The use of the expansive term "relating" as the only substantive limitation on the reach of the statutory phrase "felony drug offense" clearly indicates that the statute encompasses drug offenses that involve the simple possession of drugs.

*Id.* at 932. In *United States v. Nelson*, 484 F.3d 257 (4th Cir. 2007), the Fourth Circuit rejected an argument that a conviction under 18 U.S.C. § 924(c)(1) for carrying a firearm during and in relation

to a drug trafficking crime was not a "felony drug offense." It held that the firearm conviction "falls squarely within that definition." *Id.* at 258.

It is the opinion of this Court that Thomas' Kentucky conviction for Possession of Marijuana with a Firearm is an offense relating to marijuana that is punishable by imprisonment for more than one year. Accordingly, it qualifies as a "felony drug offense" under 21 U.S.C. § 802(44) and § 841(b)(1)(A).

**IT IS ORDERED** that the objection of Defendant Thomas [DE 412] to the use of his Fayette Circuit Court conviction for Possession of Marijuana with a Firearm as a felony drug offense is **DENIED**.

This February 18, 2011.

Signed By:
*Karl S. Forester* KSF
**United States Senior Judge**

3